RAYMOND A. QUINLEY *vs.* ALFRED DESAUTELS.

MARCH 26, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Infants. Liability for Torts.*

An infant is not bound by his agreement to pay an amount in settlement of a tort liability to plaintiff in the absence of evidence that the infant was

liable for plaintiff's injuries and that the amount agreed upon in settlement for the damages was a reasonable amount.

ASSUMPSIT. Heard on exceptions of defendant and sustained.

SWEENEY, J. This is an action of assumpsit and the declaration contains only the common counts. The defendant pleaded infancy and the plaintiff replied that his claim was founded upon the agreement of the defendant to settle his tort liability. The defendant demurred to this replication and the dermurrer was overruled. The case proceeded to trial and the jury returned a verdict for the plaintiff. At the close of the testimony the defendant made a motion for a directed verdict. This motion was denied and the case has been brought to this court upon the defendant's exception to the denial of said motion.

The plaintiff claims that he was injured by an automobile driven by the defendant. His testimony is to the effect that one morning, soon after leaving his home to go to work and while crossing a public highway, he was struck by an automobile, and when he recovered consciousness he was in a hospital. At the end of thirteen weeks he had sufficiently recovered from his injuries so as to be able to resume work. The plaintiff's wife testified that she met the defendant and that he told her that he would pay ten dollars per week while her husband was out of work. The defendant testified that he did not promise to pay any specific sum of money but admitted that he told the plaintiff's wife that he would help her as much as he could, as she was crying and stated that she needed money. The defendant denied that he was responsible for the injuries sustained by the plaintiff, and testified that the plaintiff ran into the automobile. The defendant was asked to tell the jury how the accident happened but the plaintiff objected to this question and the objection was sustained. The defendant testified that he was twenty years old at the time of the accident and that he was driving the automobile.

The plaintiff brings this action *ex contractu* against the defendant for breach of his agreement to pay ten dollars a week during the time the plaintiff was unable to work on account of his injuries. The plaintiff claims that, as the defendant is liable to pay for the damages caused by his negligence, his promise to pay the sum agreed ·upon is enforceable and cites the case of *Ray v. Tubbs*, 50 Vt. 688, as an authority. In this case the plaintiff brought assumpsit upon a promissory note. The defendant pleaded infancy. The case was referred to a referee who found that the plaintiff's horse, worth $250.00, had died from the effects of being overdriven by the defendant, and that the plaintiff accepted the note of the defendant for $125.00 in full settlement of his claim for damages. In sustaining a judgment for the plaintiff, the court said, "The law makes him (infant defendant) liable for his torts; and where he elects to settle such liability by giving his note, as long as the consideration for the note is open to inquiry, we see no reason why he should not be held liable in an action upon the note, to the same extent that he would be if the action had been brought upon the cause of action which formed the consideration for the note. The note in suit, having been given in settlement of a claim for which the defendant was liable, and no fraud nor imposition having been practised in obtaining it, the plea of infancy is not available to defeat it."

In an action on a contract against a minor, he is liable to pay only what the necessaries furnished to him are reasonably worth, and not what he may improvidently have agreed to pay for them. If he has made an express promise to pay, or has given a note in payment for necessaries, the real value will be inquired into and he will be held only for that amount. *Trainer v. Trumbull*, 141 Mass. 527, citing *Earle v. Reed*, 10 Met. 387.

In the case of *Ray v. Tubbs, supra*, the consideration for the note was inquired into and it was found that the minor was liable in damages for causing the death of plaintiff's

horse, and that the amount agreed to be paid by him in full settlement of the damages, as shown by his note, was a reasonable sum and for his advantage, and he was held liable thereon.

In the case at bar the defendant denied making the agreement and denied liability for the accident; but assuming that he did make the agreement as the plaintiff claims and as found by the jury, there is no evidence to show that the defendant was liable for plaintiff's injuries nor that the amount agreed to be paid to settle the damages was a reasonable amount. In the absence of any testimony to prove these necessary elements of the plaintiff's case, the defendant's motion for a direction of a verdict should have been granted, and his exception to the denial of said motion is sustained.

The plaintiff may appear before this court, if he shall see fit, on the 2nd day of April, 1923, at ten o'clock A. M. and show cause, if any he has, why an order should not be made remitting the case to the Superior Court with direction to enter judgment for the defendant.

*McKenna & Boudreau*, for plaintiff.

*Francis B. Condon*, for defendant.